**WORK, Secretary of the Interior, v. MASON.**

(Court of Appeals of District of Columbia.
Submitted Nov. 6, 1924. Decided
Jan. 5, 1925.)

No. 4096.

**I. Public lands ⟨⟪222⟫—Patent from government, issued to confirm claim of previously existing title, is but evidence of such title.**

Patent from government operates as conveyance of whatever interest government had, but, if issued to confirm claim of previously existing title, is only documentary evidence of existence of such title, and its issuance takes nothing from force of confirmation.

**2. Public lands ⟨⟪222⟫—Failure of patent issued on confirmation of claim of title to include particular section held not to defeat claimant's title thereto.**

Where patent to land issued after judgment in suit under Act June 22, 1860, establishing rights of one who claimed under Spanish grant, failed to include a particular section covered by judgment, claimant's title to such section *held* not affected; patent being merely evidence of previously existing title.

**3. Mines and minerals ⟨⟪5⟫—Title held sufficient to support suit to enjoin Secretary of the Interior from issuing oil-prospecting permits.**

Title by adverse possession *held* sufficient to support suit to enjoin Secretary of the Interior from issuing oil-prospecting permits covering such lands, where no title remained in the United States.

Appeal from the Supreme Court of District of Columbia.

Suit by W H. Mason against Hubert Work, Secretary of the Interior. Decree for plaintiff, and defendant appeals. Affirmed.

C. E. Wright, of Washington, D. C., for appellant.

F. W. Clements, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The case was heard below on bill and answer. The decree was for the plaintiff.

The suit was brought in 1923 to restrain the defendant, as Secretary of the Interior, from licensing or issuing oil-prospecting permits to various parties, under the act of February 25, 1920 (Comp. St. Ann. Supp. 1923, §§ 4640¼–4640¼ss), authorizing them to enter upon lands claimed by the plaintiff, alleging that such action by the defendant would cloud the title of the plaintiff to his land, and that he was without remedy except in equity. The land involved is section 28 of township 12, etc , in the Baton Rouge land district of Louisiana.

The bill alleges in substance that said section is within a grant made by an officer of and purporting to act under the authority of Spain to one Pedro Dolet, on the 27th of December, 1795, which grant was sustained by the Supreme Court in 1898 in the case of United States v. Perot, 98 U. S. 428, 25 L. Ed. 251, in a suit brought under the Act of June 22, 1860, 12 Stat. 85; that, following the judgment in that case, a patent was issued in 1884 by the United States upon said grant to which patent was attached a survey and plat showing that said section was within the area of said grant. The answer admits these allegations.

We note here that said act of 1860 provided in substance the proceedings to be employed for the confirmation of title to lands claimed by virtue of a grant, etc., emanating from a foreign government, bearing date prior to the cession to the United States of the territory in which the lands were, and while said foreign government claimed the sovereignty or had the actual possession of the territory in which the lands claimed to be so granted were located.

In United States v. Lynde, 78 U. S. 632, 645, 20 L. Ed. 230, it was held that the object of this act was to confirm such grants.

In his answer the defendant avers that no grant of section 28 was made to Dolet or his heirs under the authority of Spain, and argues here that the cession by Spain to the United States of territory which embraced the land covered by the Dolet grant, vested in the United States title to the land covered by that grant, subject to the obligation which Spain owed to Dolet, and that that obligation has been discharged in such a manner that title to section 28 still remains in the United States.

In the decree in the Perot Case, the court ordered patents to issue for such portions of the land so granted as remained vacant, and that for such portions thereof as the United States had disposed of, warrants in favor of the petitioners be issued.

Following this judgment no patent was issued covering section 28, and the defendant argues therefrom that the title to said section remained in the United States.

The soundness of this claim must be tested by the provisions of the act of 1860 in connection with the effect to be given to the judgment of the court in the Perot Case. That suit was brought by the heirs and representatives of Dolet, and, as we understand the opinion and the judgment of the court

therein, it was there finally determined, as against the United States, that the original grant when made was valid, and that the United States when the territory embracing the land in question was ceded to it by Spain, took no title whatever in the lands covered by the Dolet grant. The case here is disposed of upon that understanding. As we view it, the fact that section 28 was not patented can only be interpreted to mean, either that the land was not vacant or that the United States, though without right so to do, had already disposed of it. In either of these events no title thereto remained in the United States because it never took title thereto.

[1] The function and office of a patent under similar circumstances is considered in Langdeau v. Hanes, 21 Wall. (88 U. S.) 521, 22 L. Ed. 606, where in substance it is held, that when the government has any interest to convey the patent operates as a conveyance thereof, but, when it is issued to confirm a claim of a previously existing title, it is only documentary evidence having the dignity of a record of the existence of such title, and its issuance takes nothing from the force of the confirmation. This doctrine was affirmed in Joplin v. Chachere, 192 U. S. 94, 24 S. Ct. 214, 48 L. Ed. 359.

[2] The obvious conclusion is that the failure of the patent issued under the decree of the court in the Perot Case to specifically include section 28 does not in any wise diminish the effect of the decree therein confirming the Dolet grant as against the United States.

The bill further alleges that in 1900 the plaintiff bargained for and secured title to section 28; that he has ever since maintained possession thereof, deraigning title from those who had been for more than 50 years prior thereto in open and adverse possession thereof; that since he acquired it he has yearly paid the taxes thereon, and has by warranty deed and lease conveyed part of the land to others.

The answer admits that the plaintiff acquired possession of the land as averred in the bill, deraigning an alleged title thereto from persons other than the Dolet heirs, that he has paid the taxes thereon, and does not deny that since 1900 he has remained in peaceable possession thereof.

The Act of February 25, 1920, limits the right of the Secretary of the Interior to receive applications for oil and gas prospecting permits and to grant licenses thereunder with reference to land containing such deposits owned by the United States.

There is nothing whatever to show, and it is not claimed, that since the issuance of the patent under the decree in the Perot Case the United States has acquired any title whatever to the land in question.

The court below found that the defendant admitted that the plaintiff had title by adverse possession. This finding is vigorously challenged by the defendant, but we think it is unnecessary to spend much time considering that phase of the case.

[3] In Bradshaw v. Ashley, 180 U. S. 59, 21 S. Ct. 297, 45 L. Ed. 423, which was an appeal from the judgment of this court, the Supreme Court held that, when the defendant gave no evidence whatever of any title in himself, nor in any one under whom he claimed, to the land in controversy, a person in possession under a color of title or right could maintain an action either for trespass or ejectment against such defendant, for the reason, among other things, that there was a general presumption that the person in possession was the owner of the fee. See, also, Chesapeake B. R. Co. v. Washington P & C. R. Co., 23 App. D. C. 587 Under this rule the plaintiff shows sufficient title to maintain his suit.

The defendant in substance admits that he has received and is now considering applications from divers persons for permits to explore the land for oil and gas, looking ultimately to leasing the same with a reservation of royalties on oil or gas taken therefrom. His right to do this, of course, depends entirely upon whether or not he has shown title thereto in the United States. We think he has entirely failed to show that fact. The defendant, therefore, is wholly without authority to interfere in any way with the plaintiff in his possession of and title to said land or to cloud the same by the grant of any license or permit upon or covering it under and by virtue of the provisions of the Act of February 25, 1920

The decree below is affirmed, with costs.

Petition for allowance of appeal to the Supreme Court of the United States granted January 24, 1925.