AMITUANAI of Fagaalu, Plaintiff

v.

TULI of Fagaalu, Defendant

No. 52-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: in Fagaalu]

January 30, 1948

ARTHUR A. MORROW, *Chief Justice;* PULETU, *District Judge.*

DECISION

Heard at Fagatogo on 22 January 1948.
Amituanai *pro se;* Gaisoa for Tuli.

MORROW, *Chief Justice.*

Tuli offered certain land in Fagaalu for registration as her individually owned property. The offer was accompanied by a survey of the land. Amituanai objected to the proposed registration. He claims the land as the communal property of the Uso and Amituanai titles. At the hearing the undisputed evidence was to the effect that Uso and Amituanai are matais in the same family.

While on the stand Tuli admitted that the objector Amituanai has lived on the disputed land for "about 11 years"; that he has plantations and two houses on it, one that he

315

lives in, the other in which his sister has lived for "about 12 years." It is clear from Tuli's testimony that the objector has been in possession of the land for at least 11 or 12 years.

A presumption of ownership arises from the possession of land. *Bradshaw v. Ashley*, 180 U.S. 59, 63; 1 Jones on Evidence (4th Ed.) 133. Mr. Wigmore says that "where title to *land* becomes material, the fact of present possession alone may serve to create a presumption of ownership . . ." IX Wigmore on Evidence (3rd Ed.) Section 2515.

Tuli, aged 60, claimed that the land was once the property of the Uso, that Uso sold it to Lutu Samuelu when she (Tuli) was about 20 years of age; that Lutu Samuelu died about 1920 leaving him surviving Tuli and her two sisters, both since deceased. She testified that she had had plantations on this land. In response to the question "When did you have your plantations on the land?" she answered: "I could not remember but my counsel will answer that, I am getting old." Apparently, due to age her memory is none too good. That fact discounts the credit to be given her statements concerning the alleged sale of the land, a transaction which, according to her own testimony, occurred 49 years ago.

However, it is not necessary for us to consider the effect of her testimony concerning the supposed sale upon the presumption of ownership in Amituanai since it is clear to us upon the whole of the evidence that the land has been in the possession of Amituanai Eni (the father of the objector) and after him the objector for at least 24 years.

Uso, who has held his matai title for 24 years, testified that Amituanai Eni had plantations on the land when he (Uso) got his title and that since Amituanai Eni's death the objector has had plantations on it. He also testified that the present Amituanai has lived on the land "for about 18 years ever since Amituanai put up his houses" and that he

had put up four houses on it. Amituanai's testimony is substantially to the same effect except that he says he has been in possession of the land ever since 1926 and that he cleared the land for his father in that year. He testified that before he put up houses and put in plantations on the land, he had a cook house on it. He also testified that he planted the breadfruit trees on it. From their size (the court visited the land in the presence of the parties prior to the hearing) it is apparent that most of them were planted many years ago.

It appears to us that the land either has been in the open, notorious, continuous, exclusive and hostile possession of the objector under a claim of ownership in the Uso and Amituanai titles for more than 20 years preceding the institution of this action on June 24, 1947, or if it has not been then it was in such possession of his father Amituanai Eni under a similar claim of ownership for a number of years and that Amituanai, the objector, followed his father in such possession and has continued such under such claim of ownership for a sufficient period of time to make a total of 24 years. There was evidence from which the court might well conclude that Amituanai Eni was in possession for about 6 years immediately preceding the possession of the objector.

If the first alternative be correct, the title to the land is in the Uso and Amituanai titles; if the second alternative be the correct one, then the ownership of the land is in the same titles because the objector would be entitled to tack the possession of his father to that of himself in order to make out the 20-year period necessary for the acquisition of title to land by operation of the twenty-year statute of limitations. Burby on Real Property 350; II Tiffany on Real Property (2nd Ed.) 1968; *Fugate v. Pierce*, 49 Mo. 441; *Sawyer v. Kendall*, 10 Cush. (Mass.) 241; *McNeely v. Langan*, 22 Ohio St. 32. Such possession accompanied by

claim of ownership vested title in the Uso and Amituanai titles (unless they were already the owners, in which case they do not have to rely upon the Statute of Limitations). 2 Corpus Juris 251; *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607. See, also, *Talo v. Tavai*, No. 14-1938 (Am. S.).

It is ORDERED, ADJUDGED AND DECREED that the land (as shown on the survey accompanying the offer of Tuli to register it as her own individual property) be registered as the communal family land of the Uso and Amituanai titles of Fagaalu. The Registrar of Titles will be so advised.

Inasmuch as the cost of the survey was borne by Tuli and it will enure to the benefit of Amituanai and Uso (Uso is not a party to the proceedings), it is equitable that court costs in the sum of $12.50 be and they are hereby assessed against Amituanai, the same to be paid in 30 days.