**PUAILOA of Nuuuli, Plaintiff**

v.

**LEAPAGA of Nuuuli, Defendant**

No. 64-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Utualii" in Nuuuli]

March 18, 1948

A. A. MORROW, *Chief Justice;* PULETU and MULI, *District Judges.*

DECISION

Heard at Fagatogo March 10, 1948 at 0900.

Mapuilefala for Puailoa; Atasini for Leapaga.

MORROW, *Chief Justice.*

Leapaga offered certain land in the village of Nuuuli designated in an accompanying survey as Utualii for registration as the property of the Leapaga title. Puailoa objected to such proposed registration. Hence this litigation.

See Sec. 905 of the A. S. Code. Puailoa claimed the land as the property of the Puailoa title.

On the day preceding the hearing the court visited the land and viewed it in the presence of both parties. There is a fale on the land end of the property and another on the sea end. Savusa, 63 years old, of Nuuuli and the principal witness for Leapaga testified that Puailoa had a guest house on the land end of the property and that Puailoa Vaiuli had had two former guest houses on the same site. Savusa who received his title in 1905 also testified in part as follows:

"Q. Was there a Puailoa house on the land when you got the title Savusa?

A. Yes.

Q. Was it standing on the place where the present fale is on the land?

A. Yes the same location.

Q. What family has occupied that house that stood on that site since 1905 when you got the title?

A. Puailoa Vaiuli.

Q. Then the court is to understand from your testimony that the Puailoa family has occupied the house on the land end of the disputed land ever since 1905?

A. Yes.

Q. Were the Puailoa people living on that land when the Government was established?

A. Yes.

Q. Were they living on there for a considerable time before the Government was established if you know?

A. Yes.

Q. Let us go to the fale on the sea end of the land, who is occupying that fale at the present time?

A. Puailoa.

Q. Do you recall when that fale was built?

A. About 20 years ago.

Q. Who built it?

A. Moe in Faleniu.

Q. For whom did he built [sic] it?

A. Puailoa Vaiuli and Salataima his wife.

Q. Have the Puailoa people lived in that house ever since it was built?

A. Yes Puailoa Vaiuli family with his wife Salataima."

In response to a question by Judge Muli, "How many Puailoa holders did you see living on this land?" Savusa answered: "This is the third Puailoa."

Salataima, another witness for Leapaga, testified that she was the widow of Puailoa Vaiuli; that he died in 1929 and that for ten or twelve years before that she and Vaiuli had lived in the fale on the land end of the property and that prior to that time they had lived in a fale on the sea end.

Savusa also testified that a former Savusa gave certain land to the Leapaga and certain other land to Vaiuli before he (the witness) was born; that the land given to Leapaga was the land in dispute. This information, according to Savusa, was passed on as hearsay and tradition in Savusa's family. Savusa had no actual knowledge as to whether there was any such gift. Being hearsay it is not entitled to consideration. The Puailoa people have kept the property in dispute clean for sanitary inspection for many, many years. The evidence on this point seems conclusive.

Maae, aged 63, and who has lived in Nuuuli all of his life testified that the Puailoa people were living on the land when he was a small boy; also that the house on the sea side has been up more than twenty years. In response to Judge Puletu's question "Do you know how many houses Puailoa built on this land in dispute?" Maae answered "Five houses, two on the sea end and three on the land side." Maae was also asked "Since you became familiar with this land and you did as soon as you got old enough to know things, who has claimed the land as theirs?" To this question Maae answered "Puailoa".

The evidence shows beyound [sic] doubt that the Puailoa people have possessed and occupied the land in dispute

335

for more than forty years and very probably since before the Government was established. They have claimed it as their own property during their occupation. Having possession of the property there is a presumption that the Puailoa family are its owners. In the case of *Leatutufu v. Iuli*, No. 62-1948 we said:

"The present possession of the land by Leatutufu creates a presumption that he is its owner. *Bradshaw v. Ashley*, 180 U.S. 59, 63; I Jones on Evidence (4th Ed.) 133; 20 Am.Jur. 231. Mr. Wigmore in his monumental work on evidence says that "where title to *land* becomes material, the fact of present possession alone may serve to create a presumption of ownership . . ." Wigmore on Evidence (3rd Ed.) Section 2515. We held to the same effect in *Amituanai v. Tuli*, No. 52-1948 (Am. Samoa)."

The possession of this property by the Puailoa family according to the evidence has been actual, open, exclusive, notorious, continuous, hostile and under claim of title for more than twenty years. If the Leapaga ever had any claim to the land such claim has long since been outlawed by the statute of limitations. 2 Corpus Juris 251; 2 Tiffany on Real Property (2nd Ed.) secs. 501–4; *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607; *Vaimaona v. Mulitauaopele S.*, No. 57-1948 (A. S.).

If the Puailoa people were in possession of this land, and we believe from the evidence that they were, when the jurisdiction of the U.S. was extended to the American Samoan Islands in 1900, their title was not affected by such extension of jurisdiction. I Hyde, Int. Law, p. 253; *U.S. v. Percheman*, 7 Peters (U.S.) 51, 86–87; *Talo v. Poi*, No. 16-1937 (A. S.); *Toilolo v. Ilaoa*, No. 5-1937 (A. S.).

It is our conclusion from the law and the evidence that the land offered for registration in this case is the property of Puailoa in his capacity as matai of the Puailoa family. There is a public highway across the land which the court observed on its visit thereto. The Puailoa of course

holds his title subject to the rights of the public in the highway.

It is ORDERED, ADJUDGED AND DECREED that the land Utualii as shown in the survey accompanying the offer to register the same shall be registered as the communal family land of Puailoa as matai of the Puailoa family subject to the rights of the public in the highway now crossing said land. The Registrar of Titles will be so advised.

Since Leapaga paid the costs of the survey and such survey will inure to the benefit of Puailoa it is equitable that Puailoa pay the court costs which are hereby assessed against him in the sum of $12.50, the same to be paid within two weeks.