**TAATIATIA of Iliili, Plaintiff**

**v.**

**MISI of Iliili, Defendant**

No. 76-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Faatoaga" in Iliili]

April 16, 1948

---

A. A. MORROW, *Chief Justice;* LIUFAU and MALE-PEAI, *District Judges.*

DECISION

Heard at Fagatogo, Tutuila, American Samoa, April 2, 1948.

Misi *pro se;* Mase, counsel for Taatiatia.

MORROW, *Chief Justice.*

Misi offered certain land in the village of Iliili designated in an accompanying survey as Faatoaga for registration as his individually owned land. Taatiatia, a member of the Timu family, objected to such proposed registration claiming that the land was the property of the Timu title. Hence this litigation. Sec. 905 of the A. S. Code. Prior to the hearing the court visited the land Faatoaga and viewed it in the presence of both parties.

It is our conclusion from the evidence, which in some respects is conflicting, that Misi entered upon the land in 1919 while it was bush and cut the large trees thereon and that after letting the trees lie for a year he burned them and proceeded to put in plantations, and that he has used the land ever since for plantation purposes. The land being bush and not occupied by anyone was res nullius, the property of noone [sic]. When Misi entered upon it and cut down the trees and put in his plantations and claimed the land as his own, it became his in accordance with the customs of the Samoans, which customs, when not in conflict with the laws of American Samoa or the laws of the United States concerning American Samoa, are preserved. Sec. 2 of the A. S. Code. There is no law of American Samoa or of the United States concerning American Samoa in conflict with the customs of the Samoans with respect to the acquisition of title to bush land. Blackstone considered that an original title to property was acquired by the first occupant under a claim of ownership. II Blackstone's Commentaries, pp. 8–10. See also Maine on Ancient Law, 5th Ed. pp. 242–246. We think Misi was such occupant.

Taatiatia has plantations on the piece of land adjoining the surveyed land. He stated that he cut the large trees on the adjoining land himself. When the court visited the land Taatiatia said that he had had no plantations on the surveyed land for 30 years. There was evidence indicating

that Taatiatia and Muli might have cut some of the large trees on the surveyed land about 1915. However, Taatiatia told the Judges at the time of their view of the land that Misi cut the big trees on it just as Misi testified he did. Faatoaga is part of a large tract of land in the village of Iliili called Vaieli. We think that the trees which Muli and Taatiatia cut were on parts of Vaieli adjacent to Faatoaga but not on it. Due to the passage of time, 33 years, Taatiatia and Muli could very well have been mistaken in their testimony as to just where they cut trees.

The testimony in favor of Misi is clear-cut to the effect that Misi himself cut the trees on the land. There is no doubt in our minds from the evidence that Misi has occupied the land since 1919 under a claim of ownership without objection by anyone. It is a significant fact that when the survey was made Timu had notice thereof and that he did not attend the making of the survey. A matai knows his own land and if Timu had thought that the surveyed land was his he would have been on hand and objected to the land being surveyed by Misi. His absence was an implied admission that it was not property of the Timu title. Misilagi and Sipili have had plantations on the land for some time with Misi's permission. Neither Timu nor Taatiatia have ever made any objections to their occupancy of part of it by the authority of Misi.

The present possession of the land by Misi creates a presumption that he is the owner. *Bradshaw v. Ashley*, 180 U.S. 59, on Evidence (3rd Ed.) Sec. 2515. Our holdings in *Amituanai v. Tuli*, No. 52-1948 (A. S.) and *Puailoa v. Leapaga*, No. 64-1948 (A. S.) are to the same effect.

The evidence clearly shows that Misi has been in the actual, open, exclusive, notorious, continuous, hostile possession of the surveyed land under a claim of ownership ever since 1919. If anyone else ever had any claim to the land (and we think no one did) such claim has long since been

outlawed by the Statute of Limitations. 2 C.J. 251; II Tiffany on Real Property (2nd Ed.) Sec. 501–4; *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607; *Vaimaona v. Mulitauaopele S.*, No. 57-1948 (A. S.).

It is our conclusion from the law and the evidence that the land offered for registration in this case is the individually owned property of Misi.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the land Faatoaga as shown in the survey accompanying the offer to register the same shall be registered as the individually owned land of Misi. The Registrar of Titles will be so advised.

Costs in the sum of $12.50 are hereby assessed against Taatiatia, the same to be paid within 15 days.