**J. D. WHITED, Appellant,**

v.

**F. C. MULLINS, Appellee.**

No. 16164.

Court of Civil Appeals of Texas, Houston (1st Dist.)

Oct. 10, 1974.

Rehearing Denied Nov. 7, 1974.

Charles C. Smith, Jr., Humble & Magre, Ed P. Magre, Cameron, for appellant.

Palmos & Russ, Bill Palmos, Hearne, for appellee.

PEDEN, Justice.

Appellee Mullins filed this suit in trespass to try title to oust appellant Whited and remove all clouds from Mullins' title to a tract of 180 acres. Whited answered by plea of not guilty and filed a counterclaim based on the ten year statute of limitations. The case was tried to the court without a jury and judgment entered in favor of the plaintiff, Mullins, reciting that Mullins had established record title into himself from the sovereignty of the soil.

The 180-acre tract consisted of two 40-acre tracts and one 100-acre tract. Appellant complains only of the trial court's

judgment with respect to the two 40-acre tracts, the appellee having shown clear record title to the 100-acre tract.

Whited's first point of error is that the trial court erred in rendering judgment for the appellee on the basis that he had proved a good and sufficient record title from the sovereignty of the soil into the appellee with no breaks in the title, because a definite and unexplained break in the title does exist.

The record reflects that in 1885 the two 40-acre tracts of land were conveyed to A. W. McIver. The next instrument in the plaintiff's-appellee's chain of title is a 1919 conveyance of the 80 acres from "Mrs. J. E. H. McIver, a widow," to Mrs. Annie Jane Spencer. The plaintiff offered no evidence of how title passed from A. W. McIver to Mrs. J. E. H. McIver. (Clear record title is shown from Mrs. J. E. H. McIver to the appellee). The appellant's allegation that there was an unexplained break in appellee's record title is correct as to the two 40-acre tracts, but we hold that the trial court's judgment as to those 80 acres is supported under the doctrine of prior possession. The appellee did not specifically plead prior possession, but it was not necessary for him to do so in order to raise the issue. In a trespass to try title action, the plaintiff must state the extent of the interest he claims in the property, but he need not allege how or when he acquired title or on what grounds he is entitled to possession. Meade v. Logan, 110 S.W. 188 (Tex.Civ.App., 1908 err. dism.). However, a plaintiff who seeks to recover land on a limitation title must specially plead that title. 56 Tex.Jur.2d 191, Trespass to Try Title § 80.

The trial judge's findings of fact included the following elements of prior possession as a ground of recovery, and the appellant has not challenged any of them as erroneous on this appeal:

"2. That the Tax Records of Burleson County reveal that the land in question was assessed in the name of Annie J. Spencer, the Plaintiff's predecessor in title, from 1945 until 1952. That from 1952 to the present date, they have been rendered in the name of F. C. Mullins, and the taxes paid by him. That Annie J. Spencer and F. C. Mullins paid all of the taxes on the tracts of land in question from 1945 through 1972.

"3. That J. D. Whited, the Defendant, never rendered the lands for taxes, the taxes were never assessed in his name, and he never paid the taxes thereon.

"4. The Court finds that there are no instruments of any type of record reflecting a claim of ownership by the Defendant, insofar as the record reveals.

" . . . .

"7. That the Defendant, J. D. Whited, never designated any definite portion in the 250 acre tract from 1941 to date, that he was claiming title to by adverse possession. (The 250-acre tract referred to in finding #7 consists of the 180 acres in question plus an adjoining 70-acre tract owned by the appellant.)

" . . . .

"9. That during many of the years the south fence was not sufficient to turn cattle and for some years the west fence was entirely down.

" . . . .

"11. That there was an oral lease between Annie J. Spencer, the mother of F. C. Mullins, who was his predecessor in title, to Boyd & Eanes from 1920 until 1951. That Boyd & Eanes, a Partnership, had cattle on the tract of land during this period of time.

"12. That such oral lease was continued by F. C. Mullins after he acquired the property in 1951 until the death of Mr. Eanes in 1956.

"13. That F. C. Mullins executed several oil and gas leases that were duly

recorded in the Deed Records of Burleson County, Texas, from 1951 to 1963. That Ed C. Kirby went into possession of the lands in question in 1959 and drilled a 'dry hole' on the lands. That he, his agents and employees together with their equipment, were on the tract of land and in possession thereof under a written lease for approximately 1½ years.

" . . . .

"15. That the Defendant never constructed any type of improvements on the land in question nor did he ever actually reside on the tracts of land in question.

"16. That the only cultivation of the tracts of land in question by the Defendant was the planting of approximately 10 or 15 acres of coastal bermuda grass, which took approximately 5 days, in the center of the tracts of land in question. That no type of crops were ever planted or cultivated on the lands in question.

"17. That the entire tract of land was covered by woods other than approximately 20 acres in the middle thereof, and on which the coastal bermuda grass was planted.

"18. That the coastal bermuda patch, the clearing and the cattle grazing thereon could not be seen from any road adjoining the tracts of land in question.

" . . . .

"21. That the only use made by the Defendant, pertaining to the lands in question, was to graze the cattle thereon, plant some coastal bermuda for their use and maintain the fences to protect his own cattle."

In addition, the trial judge made this finding:

"14. That F. C. Mullins executed a written lease of the lands in question for cattle grazing to John Kostelka for a period of one year beginning July 10, 1963. That during this one year period John Kostelka had exclusive possession of the tract of land in question, grazing his cattle thereon."

■ The appellant's second point of error is that this and some other findings of fact are so against the great weight of the evidence as to be clearly unjust. After examining all the evidence we overrule this point as to finding number 14. It appears that Kostelka did not gain exclusive possession of the land in question for a short period after the lease was executed, but this is not a significant variance between the finding and the evidence.

■ We hold that the findings which we have noticed support the trial court's judgment on the theory of prior possession. The trial court made this conclusion of law:

"15. It is my final Conclusion of Law that the Plaintiff, the record owner of the tracts of land in question is the legal and lawful owner of fee simple title thereto and that the Defendant failed to meet the requirements of establishing title thereto by adverse possession. The law is with the Plaintiff."

Unchallenged findings of fact demonstrate that the trial court considered the defendant to be a naked trespasser. The court found that the plaintiff had, through tenants, actual possession of the property under a deed for many years prior to his recent ouster, that such possession was exclusive and peaceable and that it had not been abandoned. These findings supply the necessary elements of title by prior possession. Land v. Turner, 377 S.W.2d 181 (Tex.1964); Reiter v. Coastal States Gas Producing Co., 382 S.W.2d 243 (Tex. 1964) at p. 248, citing with approval Bradshaw v. Ashley, 180 U.S. 59, 21 S.Ct. 297, 45 L.Ed. 423 (1901).

■ Although the trial judge stated both in the judgment and in his first finding of fact that Mr. Mullins had a com-

plete chain of title from the sovereignty of the soil without a break in the title, he did not state that he based his judgment exclusively on that finding, and his other findings support the judgment on the theory of prior possession, even though he did not use the specific term.

" . . . the possible inference that the court decided the case on a sole issue will not be indulged to destroy the more general inference of an implied finding on every material issue submitted." 4 Tex.Jur.2d Rev. Part 2, 148, Appeal and Error, Civil Cases § 735; Taylor v. McQuary, 188 S. W.2d 1010 (Tex.Civ.App.1945, no writ); Graham Nat'l. Bank v. Beavers, 290 S.W. 529 (Tex.Com.App.1927).

 Appellant's second and last point of error is that the trial court erred because its findings of fact numbered 5, 6, 8, 10, 14, 19 and 20, respectively, are so contrary to the great weight and preponderance of the evidence as to be clearly unjust. The effect of those findings is to defeat Mr. Whited's claim based on limitations. We have overruled the point as it pertains to finding number 14 and have noticed the unchallenged findings made by the trial court. The appellant is bound by material findings which he does not challenge by appropriate points of error. Kroger Co. v. Warren, 420 S.W.2d 218 (Tex.Civ.App. 1967, no writ).

We hold that the unchallenged findings plus finding number 14 preclude the defendant from establishing his case based on the ten-year statute of limitations and therefore we need not determine whether the findings complained about were against the great weight of the evidence.

Appellee further contends that the trial court's judgment may be sustained upon the basis of a presumed transfer of title from A. W. McIver, to whom the two 40-acre tracts were conveyed in 1885, to Mrs. J. E. H. McIver, who in the year 1919 conveyed the two tracts to appellee's predecessor, describing herself "a widow." There

was no proof as to marital or other relationship between A. W. McIver and Mrs. J. E. H. McIver, but appellee contends the trial court was at liberty to presume passage of title upon the showing of a long asserted and open claim on behalf of appellee and his predecessors and the absence of showing of adverse claim by A. W. McIver or persons purporting to claim under him. Appellant was admittedly a stranger to the title. The trial court made no finding of fact or of law except as noted above that appellee had established record title to the two tracts. While we find appellee's contention persuasive, we have held that the trial court's judgment may be affirmed upon the basis of proof of prior possession and we therefore consider it unnecessary to decide this point.

We affirm the judgment of the trial court.