Frank HAYES, Appellant,

v.

Eugene H. BOULIGNY, Appellee.

No. 344.

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 19, 1967.

Rehearing Denied Nov. 9, 1967.

W. W. Kilgore, of Whitlow, Cole & Kilgore, Victoria, for appellant.

Clarence Stevenson, of Fly, Cory, Moeller & Stevenson, Victoria, for appellee.

## OPINION

NYE, Justice.

This is a suit on a promissory note brought by Eugene H. Bouligny, the payee, against Frank Hayes, the maker. The trial was to the court without a jury and the court rendered judgment for the plaintiff for the principal sum of the note together with interest and attorney fees. The defendant maker has perfected his appeal to this court.

The plaintiff alleged that he was the legal owner and holder of the indebtedness evidenced by a promissory note executed by the defendant dated July 1, 1963 in the original principal sum of $2,500.00 payable on or before July 1, 1964 at Victoria, Victoria County, Texas, bearing interest from date until maturity at the rate of six percent per annum and bearing interest from maturity until paid at the rate of ten percent per annum, which promissory note contained the provision that the maker thereof agreed to pay an additional sum of ten percent of the amount due and owing on said note as attorney fees in the event suit was filed for the collection of said promissory note. The petition stated that the plaintiff had made repeated demands on the defendant to pay the same but that the defendant had failed and refused. Plaintiff further alleged that he no longer had in his possession the original of such promissory note but that such note was in the possession of the defendant and he made demand that the defendant produce the original of the promissory note upon the trial.

Defendant answered by a general denial and by an amended pleading that "if plaintiff has a cause of action, the same is barred by the statute of limitations in that it was not commenced within two years after the cause of action, if any, occurred." Neither answer was verified by affidavit.

Appellant's first point is that the trial court erred in admitting evidence that the $2,500.00 note was supported by consideration when the plaintiff had not plead a consideration for said non-negotiable note and when said note had not recited a consideration.

■ Where the instrument sued upon cannot as a practical matter be produced because of its loss, the production of the original is excused and other evidence of its contents may be received. Plaintiff followed the correct procedure of advising his adversary of the lost instrument so as to apprise him of the necessity of producing the original or that secondary evidence would be used. See 2 McCormick & Ray 421, § 1570. Plaintiff's oral testimony of the contents of the instrument was sufficient. McCormick & Ray, § 1577. This court has held that where an original instrument has been lost or destroyed and cannot be produced, it is not error to permit the oral testimony of witnesses as to the contents of the writing over the objection that such testimony violated the best evidence rule. Danaho Refining Company v. Dietz, 378 S.W.2d 412–416 (Tex.Civ.App.—Corpus Christi, 1964).

Appellant contends that since the plaintiff's pleading did not describe the note as being payable to "bearer or to order" or that the pleading did not use the words "for value received" such note was a non-negotiable instrument and since plaintiff did not plead that it was received for a valuable consideration the pleading will not support the judgment.

■■ Plaintiff plead that the note in question was a promissory note. Plaintiff's cause of action was a plain statement which set forth his claim for relief and was sufficient to give fair notice of the claim involved. Rule 45 and Rule 47, Tex.R.Civ.P. There was no doubt from the pleading that the suit was on a written instrument. Since a written contract imports a consideration it is not necessary to plead consideration. See 13 Tex.Jur.2d 653, § 375. Absent any exception to plaintiff's pleading the petition was sufficient to apprise the defendant of the plaintiff's claim.

■■ During the trial plaintiff testified that he had loaned the defendant $9,000.00; that the defendant had paid $4,000.00 on it and that he prepared a note for $5,000.00; thereafter, the defendant paid $2,500.00 and the subject note in question represented the balance due on the original loan. We hold that the plaintiff proved up the terms of the note and the consideration for it by legally competent evidence. The burden of establishing a want or failure of consideration is upon the defendant.

■ Where a written instrument upon which a pleading is founded is to be alleged to be without consideration such pleading shall be verified by the party asserting it. Rule 93(j) Tex.R.Civ.P. Where the payee sues on the instrument it is not necessary for him to set up the nature of the consideration that passed. Failure of consideration is purely a defensive matter and the burden rests upon the defendant to allege and prove a prima facie case. 9 Tex.Jur.2d 272–273, § 250 and pp. 303–305, § 280. Appellant's point is overruled.

Appellant's second point is that the trial court erred in rendering judgment on plaintiff's trial amendment which he dictated to the court reporter but which was not signed or filed subsequently with the clerk. Although the trial court permitted the plaintiff during the course of the trial to file a verbal trial amendment it is apparent from the record that the judgment entered was not based on this pleading. Since the plaintiff did not rely on his trial amendment, it is not necessary for us to consider this point.

Judgment of the trial court is affirmed.