**L. L. SNIDER et ux., Appellants,**

v.

**FORREST LUMBER COMPANY, Appellee.**

No. 446.

Court of Civil Appeals of Texas.

Tyler.

Nov. 6, 1969.

Worley & Wright, D. Michael Worley, Lubbock, for appellants.

Blanchard, Clifford, Gilkerson & Smith, John C. Sims, Lubbock, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Appellee, Forrest Lumber Company, instituted suit against appellants, L. L. Snider and wife, Tressie Snider, in trespass to try title seeking judgment for title and possession of all of Lot Twenty (20) and the West one-half of Lot Twenty-One (21), Block One Hundred Thirty-Four (134) of the Overton Addition to the City of Lubbock. Appellants answered with a plea of not guilty and a cross-action, alleging that the property was their homestead and that a certain Deed of Trust executed by them, as well as a Trustee's Deed conveying the premises to appellee, Forrest Lumber Company, were invalid and concluded with a prayer requesting cancellation of said instruments.

Appellee moved for a summary judgment and in support thereof filed an abbreviated abstract of title setting forth a brief description of the various instruments in the chain of title from the sovereignty of the soil down to and including the Trustee's Deed conveying the property to appellee, Forrest Lumber Company. The list of instruments set forth in the abstract contained the name of the grantor and grantee, date, and volume and page at which such instruments were recorded and was sworn to by appellee's agents and attorneys as being an abstract of the title to the property in question. In an amended motion for summary judgment, appellee attached thereto certified copies of the instruments appellee relied upon to establish title, to-wit: (a) a Deed by which appellant, L. L. Snider, originally acquired title to the land, dated March 8, 1961; (b) a Mechanic's & Materialman's Lien executed by appellants, L. L. Snider and wife, to John H. Mabry in the amount of $8,500.00, together with a transfer of said lien to the Lubbock National Bank, dated July 10, 1963; (c) transfer of the lien from Lubbock National Bank to appellee, Forrest Lumber Company, dated July 26, 1963; (d) transfer of the lien from Forrest Lumber Company to First Federal Savings & Loan Association of Lubbock, dated April 7, 1964; (e) a Deed of Trust executed by appellants, L. L. Snider and wife, Tressie Snider, to H. B. Bryan, Trustee, to secure payment of the sum of $8,500.00 to First Federal Savings & Loan Association of Lubbock, dated April 7, 1964; (f) resignation of Trustee dated November 6, 1967; (g) appointment of Substitute Trustee dated November 6, 1967; (h) a Deed from the Substitute Trustee to appellee, Forrest Lumber Company, reciting that appellee had purchased the property at foreclosure sale for the sum of $7,365.04, dated December 5, 1967; (i) an affidavit by the Substitute Trustee stating that notice of sale was posted in three public places in Lubbock County twenty-one days successively next before the date of the sale; that appellants had been personally notified of the date of the sale and that thereafter the property was sold at 10:00 A.M. on December 5, 1967, in accordance with the notice.

The Deed of Trust executed by appellants contained a clause as follows.

"It is further expressly agreed that, in the event of any sale by the Trustee herein, or his substitute, from the fact of such sale it shall be presumed that everything necessary to authorize the making of same and to render such sale valid existed and has been performed, and all recitals in any conveyance by said Trustee, or his substitute, shall be prima facie evidence of the truth of all such recitals, and so taken in all controversies pertaining to said sale."

Appellants do not deny the execution of the Mechanic's & Materialman's Lien Contract and Deed of Trust, nor do they deny that the certified copies of the instruments offered by appellee show superior record title in appellee. They admit that Forrest Lumber Company furnished material in the amount of approximately $8,500.00. They further admit that as of the time of the sale under the Deed of Trust, they were five months in arrears in their payments to First Federal Savings & Loan Association.

In response to the motion, appellant, L. L. Snider, filed an affidavit stating that the property in question was his homestead; that the property was worth in excess of the amount paid by the Forrest Lumber Company at the foreclosure sale, and that he and his wife were unable to protect themselves by attending the sale because they had "no notice that the sale was to be made."

The trial court, following a hearing, sustained the motion for summary judgment and entered judgment against appellants, whereupon they perfected this appeal.

Since this is an appeal from an order sustaining a motion for summary judgment pursuant to Rule 166-A, Vernon's Texas Rules of Civil Procedure, the sole question

is whether a genuine issue of material fact is presented by the pleadings, affidavits and other documents presented to the trial court. The burden of demonstrating that no genuine issue as to any material fact exists rests upon the party filing the motion for summary judgment. In determining the question of whether a genuine issue of material fact is presented, we must view the record in a light most favorable to the party opposing the motion and accept as true the evidence which tends to support his position. Rule 166–A, Vernon's Texas Rules of Civil Procedure; Gulbenkian v. Penn. 151 Tex. 412, 252 S.W.2d 929; Manney & Company v. Texas Reserve Life Insurance Company, 407 S.W.2d 345 (Tex. Civ.App., Dallas, 1966, n. w. h.); Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, Tex., 391 S.W.2d 41, 47; White v. Lakewood Bank And Trust Company, 438 S.W.2d 129, 131 (Tex.Civ.App., Dallas, 1969).

After examining the pleadings, affidavits and other documentary evidence filed by appellee, we are of the opinion that appellee has sustained its burden of proof in establishing title to the land in question and is entitled to a summary judgment as a matter of law, unless the affidavits and other documentary evidence filed by appellants are sufficient to raise an issue of material fact.

■ Appellants contend that disputed fact issues were raised and seek a reversal of the judgment by three points of error. The first point is: "The Trial Court erred in granting a Summary Judgment in favor of Plaintiff, inasmuch as material questions of fact appear on the face of the transcript." Appellee objects to our consideration of this point of error because it is too general to comply with the requirements of Rule 418, Texas Rules of Civil Procedure. We consider the criticism of the point to be sound. Crutchfield v. Associates Investment Company, 376 S.W.2d 957, 959 (Tex.Civ.App., Dallas, 1964, err. ref.); Cotten v. Republic National Bank

of Dallas, 395 S.W.2d 930, 940 (Tex.Civ. App., Dallas, 1965, n. r. e., citing cases). However, in accordance with our usual practice, we shall look to the statements and arguments in appellants' brief to determine, if possible, the exact nature of their complaints.

■ Appellants first contend that a disputed issue of fact was raised upon the question of whether appellants had notice of the Trustee's sale. In this connection, appellants say that the affidavit of appellant, L. L. Snider, stating that they had no notice of the sale was sufficient to create a disputed fact issue on the question of notice. As we construe the affidavit, it amounts to nothing more than a statement that the appellants did not have personal knowledge or were not personally notified of the Trustee's sale. Notice of sale is provided for in the Deed of Trust as follows: " * * * the Trustee hereunder shall be, and is hereby, authorized and empowered, when requested so to do by the holder of said note after such default, to sell the premises covered hereby at public auction to the highest bidder for cash, between the hours of ten o'clock A.M. and four o'clock P.M. on the first Tuesday in any month, at the door of the County Court House in the county in which said premises, or any part thereof, are situated, after advertising the time, place and terms of said sale and the premises to be sold by posting, or causing to be posted, for at least twenty-one (21) consecutive days prior to the date of said sale written or printed notices thereof at three public places in said County, one of which shall be at the door of the County Court House of said County, and the Mortgagors do hereby authorize and empower said Trustee, and each and all of his or its successors in this trust, to sell the premises, * * *." There is nothing in the Deed of Trust requiring that personal notice be given the mortgagor prior to the Trustee's sale. Consequently, even though appellants' affidavit may have had the effect of disputing the Trustee's affidavit stating that it gave

appellants personal notice, such was not required and therefore any issue raised in this respect would be immaterial and would not constitute a disputed issue upon a material fact. Article 3810, V.A.T.S.; Koehler v. Pioneer American Insurance Company, 425 S.W.2d 889 (Tex.Civ.App., Fort Worth, 1968, n. w. h.).

The primary issue here is whether notice of sale was posted in accordance with the terms of the Deed of Trust. Nowhere in appellants' affidavit do they state that they went to all the places mentioned in the Trustee's affidavit and failed to find the notices posted. They admit that they did not attend the sale. Consequently, appellants' affidavit constitutes nothing more than a legal conclusion based upon hearsay and was not therefore in compliance with the rule requiring opposing affidavits to be on personal knowledge, setting forth such facts as may be admissible in evidence, showing affirmatively that the affiant is competent to testify to the matters stated therein. Sparkman v. McWhirter, 263 S.W.2d 832 (Tex.Civ.App., Dallas, 1953, err. ref.); Munoz v. Heights Savings & Loan Association, 319 S.W.2d 945 (Tex.Civ.App., Texarkana, 1959, dismissed).

Appellants further assert under their first point that a fact issue was raised upon the question of whether or not the abbreviated abstract filed by appellee in support of its original motion contained all of the instruments in appellee's chain of title. This contention is without merit because any dispute arising out of the abbreviated chain of title became immaterial when appellee filed its amended motion for summary judgment and attached certified copies of all instruments relied on to establish title.

By the second point of error appellants contend that the trial court erred in refusing to find the Deed of Trust in the Trustee's sale void as a matter of law. Under this point, appellants take the position that appellee failed to offer proof showing that the improvements had been completed in accordance with the Mechanic's & Materialman's Lien Contract and therefore the Deed of Trust and the Trustee's Deed were void for failure of consideration.

As noted above, appellants agreed in the Deed of Trust that in the event of sale by the Trustee, it would be presumed that everything necessary to authorize the making of the same and to render such sale valid existed and had been performed.

Thus, the burden was upon the appellants to allege and prove lack of performance of the contract. Nowhere in their pleadings or in their affidavits do appellants contend that the contract had not been performed or that there was a failure of consideration. On the contrary, they alleged in their cross-action that Forrest Lumber Company had furnished materials in the approximate amount of $8,500.00 in the repairs and improvement of their home.

It is well settled that where a written instrument upon which a pleading is founded is alleged to be without consideration, such pleading must be verified by the party asserting it. Rule 93(j), Texas Rules of Civil Procedure; Hayes v. Bouligny, 420 S.W.2d 800 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.). In the absence of sworn pleadings or other evidence of the failure of consideration, the issue was not raised in the court below and may not therefore be raised for the first time on appeal. Appellants' second point is overruled.

In the third and final point, appellants contend that the granting of a summary judgment was erroneous because appellee failed to negate all possible defenses which might have ultimately been raised at a trial on the merits. In other words, appellants assert that in a trespass to try title suit, where defendant enters a plea of "not guilty," a movant for a summary judgment has the burden of

negating every conceivable defense, whether the defendant's evidence raises a defense or not. We do not agree.

Our courts have repeatedly held that in summary judgment proceedings, when facts entitling a moving party to prevail have been established by affidavit, admissions or other documentary evidence, a motion for summary judgment will not be denied merely because the opposite party has alleged matters in an unsworn pleading, which, if proved, would defeat the motion. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Arant v. Jaffe, 436 S.W.2d 169, 175 (Tex.Civ.App., Dallas, 1968, n. w. h.). A plea of "not guilty" in a trespass to try title suit constitutes a mere pleading and nothing more. It raises no issue of fact. Thus, in summary judgment proceedings in a trespass to try title suit, when the moving party establishes by competent summary judgment evidence the non-existence of an issuable fact, it then becomes incumbent upon the adverse party to file counter-affidavits or other summary judgment evidence creating an issue of material fact, and upon failing to do so, the moving party will be entitled to a summary judgment as a matter of law. We are not aware of any authority and have been cited none requiring the movant for summary judgment in a trespass to try title case to negate all possible defenses which his adversary might raise under a plea of not guilty, even though such defenses are not raised by competent summary judgment evidence. As we understand the requirements of Rule 166–A, supra, the existence of issuable facts must be shown by competent summary judgment evidence. Therefore, appellants' plea of "not guilty" was not sufficient to raise any additional issues other than those which appellants attempted to raise in their affidavit, which have been discussed hereinabove. As we view the record, appellee established facts through the medium of summary judgment evidence, showing that it was entitled to a summary judgment and appellants wholly failed to produce any evidence showing the existence of a dispute upon any issue of material fact. Consequently, we are of the opinion that the trial court correctly sustained the motion for summary judgment.

Accordingly, the judgment is affirmed.