Mary Ellen WALSH et al., Appellants,

v.

C. W. AUSTIN, Trustee, Appellee.

No. 17457.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 25, 1979.
Rehearing Denied Nov. 29, 1979.

Baggett, Kirk, Gordon & Hodge, George D. Gordon, Houston, for appellants.

Fred A. Lange, Houston, for appellee.

Before EVANS, WALLACE and WARREN, JJ.

WARREN, Justice.

Mary Ellen Walsh and Bridget O'Mahoney appeal from a summary judgment awarding title and possession of certain lands to C. W. Austin, Trustee.

The primary issue is whether appellee proved his title by competent summary judgment proof.

Appellee filed a suit in trespass to try title to 395.1148 acres of land in Harris County, alleging in his first amended original petition that two five-acre tracts encompassed by his tract were being claimed by appellants, that the deed to appellants' predecessor in title was void, and that he was entitled to title and possession under the 3, 5, 10 and 25 year limitation statutes.

In September of 1978, appellee filed a motion for summary judgment, claiming limitations, prior possession and that the deed into appellants' predecessor was void. In January 1979, the trial court granted the summary judgment.

Appellants claim that the trial court erred because (1) genuine fact issues existed; (2) plaintiff failed to foreclose all defenses appellant is entitled to under a plea of "not guilty"; (3) there were fact issues concerning whether appellants' land was entirely surrounded by the land of appellee; (4) appellee failed to show that at least 1/10 of the land in question was cultivated; (5) appellee failed to show appellants' deed was insufficient to locate the property on the ground; (6) appellee failed to show that appellants' tract was located within the metes and bounds description of the land claimed by appellee; (7) the possession was not adverse for the required period; (8) appellee did not prove his title by a preponderance of the evidence; and (9) the court erred in considering a surveyor's affidavit as conclusive evidence of the facts.

Since the judgment does not reveal the theory on which it was sustained, the judgment must be affirmed if any one of the grounds asserted was established as a matter of law. *Rodgers v. Insurance Co. of the State of Pennsylvania,* 513 S.W.2d 113 (Tex. Civ.App.-Ft. Worth 1974, writ ref'd n. r. e.).

After reviewing the record, it appears that if appellee is entitled to recover, it must be under the doctrine of prior possession. There was no proof of chain of title to support a claim under the 3 year statute, there was no proof of payment of taxes before they became delinquent, as required by the 5 year statute, there was no proof of a holding under a deed or memorandum for the required time to satisfy the 25 year statute, and proof was insufficient to prove title under the 10 year statute. In support of his claim under the 10 year statute, appellee presented his affidavit and the affidavit of Marvin Traweek, one of the appellee's grantors.

■ The affidavit of Marvin Traweek asserts uninterrupted use and possession of fenced property by his grandfather and himself. He refers to an attached plat to show the location of the property and fences. The plat contained in the transcript (and the one filed in the trial court) are illegible. Even with a magnifying glass it is not possible to locate the objects referred to in the affidavit such as the location of the fences, the Schuck's house, the Nacol Tract and Jackrabbit Road. Because of this, the affidavit is insufficient to establish the extent of possession, or fencing of a specific tract of land.

The affidavit of appellee specifically states that it is made on his own personal knowledge, but there are facts contained in it, such as the land being enclosed by a fence and subjected to continuous use by M. B. and Marvin Traweek as part of a dairy farm and for cattle grazing from 1939 until 1970, which would require a special knowledge and would require him to show the circumstances under which he learned or knew of these facts. *Murfee v. Oquin,* 423 S.W.2d 172 (Tex.Civ.App.-Amarillo 1967, writ ref'd n. r. e.). Other parts of appellee's

affidavit show that he would have been a small boy when the alleged possession by his predecessor commenced and that his schooling in preparation for his career as a lawyer would have removed him from the proximity of the land during his later teens and early twenties. Under these circumstances, the underlying facts should have been stated concerning his personal knowledge of these matters. The affidavit is insufficient to show fencing or possession by the Traweeks.

Summary judgment proof was insufficient to support a claim under the ten year statute. There are other defenses urged by appellants to the ten year statute which we need not consider.

## PRIOR POSSESSION

■ Prior possession is a rule of evidence creating a presumption that one first in possession of land is presumed to be the owner unless the disturber proves a superior right.

■ A plaintiff in a trespass to try title action shows prima facie title when he shows possession prior to that under which defendant claims, with a regular chain of title connecting himself with such possession. *Dean v. Grogan-Cochran Lumber Co.,* 58 S.W.2d 552 (Tex.Civ.App.-Beaumont 1933, no writ). To invoke the rule of prior possession, there must appear prior possession, exclusive dominion and the absence of a superior title in the opposing party. *Massey v. Lewis,* 281 S.W.2d 471 (Tex.Civ.App.-Texarkana 1955, writ ref'd n. r. e.).

■ Where a party has pled title by limitation, but fails to establish that claim, he may, nevertheless, in a proper case have judgment rendered in his favor by reason of prior possession of the property where his opponent has failed to establish a paper title to the land. 56 Tex.Jur.2d Trespass to Try Title, § 18 (1964). It is not necessary to plead prior possession. *Whited v. Mullins,* 515 S.W.2d 159 (Tex.Civ.App.-Houston [1st Dist.] 1974, no writ). Prior possession carries with it a presumption of ownership interest against one having no title. *Reiter*

*v. Coastal States Gas Producing Co.,* 382 S.W.2d 243 (Tex.1964)

■ Appellee, in his affidavit, alleges that he bought the 395.1148 acres tract in 1970 and since that time it has been fenced and occupied by him through tenants. Actual possession to satisfy requirements of prior possession may be through agents or tenants. *Corder v. Foster,* 505 S.W.2d 645 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n. r. e.).

■ Appellants neither alleged not proved any possession, at any time, by themselves or their predecessors in title. The only basis of appellants' claim of title is a deed to the two five-acre tracts is from C. W. Hall Co. to Catherine O'Leary, purporting to convey "Block 115 and 116 of Hahl's Surburban Farms Subdivision D, according to the plat of same in Volume 5, page 8 of the Map Records of said County" (Harris) and is dated January 21, 1921. The plat recorded April 29, 1914, recites that the property is located in Section 13, H. & T.C. R.R. Co. Survey, Block 3, Harris County, Texas. The property shown by the plat is divided into blocks, roads are shown, named, and dedicated, and the amount of acreage in each block is shown. However, there are no directions, measurements, dimensions, or references to any survey, objects or monuments which would enable one to locate a block within the subdivision. To be sufficient, the writing must furnish within itself, or by reference to some other *existing* writing, the means or data by which the land may be identified with a reasonable certainty. *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972). As a matter of law, the deed and original plat are insufficient to identify the land. Reference cannot be made to the corrected plat because it did not come into existence until approximately 20 years after the conveyance. See *Lewis v. Midgett,* 448 S.W.2d 548 (Tex.Civ. App.-Tyler 1969, no writ). Appellants have neither alleged nor suggested, either in the trial court or in this court, that their claim to title was based upon anything other than this void deed.

Appellee has shown by competent summary judgment evidence, peaceful and exclusive possession of the 395 acres for over five years. Indirectly, he has excluded the possibility of any possession by appellants or their predecessors in title for over thirty five years.

■ Appellee, having proved the deed to appellants' predecessor in title void and having proved peaceful and exclusive possession under a deed regular on its face, is presumed to have superior right and title to the land as against appellants. Appellee proved a prima facie case entitling him to judgment by reason of prior possession. The only question remaining is whether appellee had a duty to go further and foreclose all defenses appellants would be entitled to raise under their plea of "not guilty."

The authorities are conflicting. In the case of *Briggs v. Freeway Park Development Co.,* 366 S.W.2d 270 (Tex.Civ.App.-Ft. Worth 1963, writ ref'd n. r. e.) the court held, in part, that in ordinary trespass to try title suits where a defendant pleads "not guilty", he is entitled to prove any defense available, legal or equitable, except that of limitation. Where the defendant pleads "not guilty" the burden is on the plaintiff, movant for summary judgment in a trespass to try title case, to show that the defendant has no such defense. Although the supreme court refused a writ of error, n. r. e., the same result would have been reached in the case premised upon another dispositive holding of the appellate court pertaining to the absence of necessary parties. The *Briggs* case was followed in *Gage v. Owen,* 396 S.W.2d 189 (Tex.Civ.App.-Ft. Worth 1965, no writ).

In *Snider v. Forrest Lumber Co.,* 448 S.W.2d 130 (Tex.Civ.App.-Tyler 1969, no writ) the court held that where a plaintiff, movant for summary judgment in a trespass to try title case, establishes a prima facie case, the mere filing of a "not guilty" plea will not relieve the opponent of the obligation to produce evidence, nor does it create a burden on the movant to negate every conceivable defense which could be

urged. We agree with and follow the *Snider* case.

The import of a not guilty plea is to give the defendant the right to introduce evidence of any defensive matter without the necessity of specifically or affirmatively pleading it. The defendant has this right both at a summary judgment hearing and at a full trial on the merits. Where, however, the plaintiff has established a prima facie case, whether it be at a summary judgment hearing or upon a full trial, the defendant then has the burden of introducing some defensive evidence to raise an issue of material fact in order to prevent the rendition of a summary judgment or an instructed verdict. See *Gulf, Colorado & Santa Fe Railway Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 at 500 (1958). In a trespass to try title summary judgment hearing, there is no valid reason for relieving the defendant of this burden and placing the burden on the plaintiff to prove the negative—i. e. the non-existence of a meritorious defense.

One of the objects of summary judgment practice is to eliminate patently unmeritorious claims or untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); *Hersh v. H. E. Butt Grocery Co.,* 338 S.W.2d 174 (Tex.Civ.App.-San Antonio 1960, writ ref'd n. r. e.). In 1977, subsection C of rule 166A was amended providing that issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. In *City of Houston v. Clear Creek Basin Authority,* 23 Tex.S.Ct.J. 7 at 12 (October 6, 1969), the supreme court stated that "the non-movant must now, in a written answer or response to the motion, expressly present to the trial court these issues that would defeat the movant's right to summary judgment and failing to do so, may not later assign them as error on appeal." A non-movant defendant waives a properly pled affirmative defense if he does not introduce evidence creating a fact issue. *Gulf, Colorado & Santa Fe Ry. Co. v. McBride,* supra.

We believe the rule promulgated in *Snider* is the better reasoned view because it comports with customary summary judgment practice while still affording the defendant the right to prove up any defense under the not guilty plea. If the *Snider* rule is not followed then a summary judgment will be rarely, if ever, granted in trespass to try title cases.

Appellants' points of error regarding appellee's failure to show that appellants' claimed tracts were within the larger tract claimed by appellee is overruled since this fact was pled by appellants and shown by an affidavit of Birch Kirk submitted as summary judgment proof by appellants.

The judgment is affirmed.