Opinion issued November 20, 2003











In The
Court of Appeals
For The 
First District of Texas




NO. 01-02-01074-CV




 AIC MANAGEMENT, Appellant

V.

BILLIE G. BAKER, Appellee




On Appeal from County Civil Court at Law No. 4
 Harris County, Texas
Trial Court Cause No. 735,465-101




MEMORANDUM OPINION

          This dispute, which began as a condemnation proceeding, concerns title to
15.848 acres of real property and the right to the condemnation proceeds for that
property. Appellant, AIC Management (“AIC”), appeals from a judgment, which
made an interlocutory summary judgment order final, declaring appellee, Billie G.
Baker, to be the owner of the disputed property. We determine (1) whether AIC
preserved its objections to certain of Baker’s summary judgment evidence; (2)
whether the trial court erred in rendering summary judgment because Baker’s motion
did not attack the adverse-possession affirmative defense that AIC had pleaded; (3)
whether, given AIC’s objections that did not need to be preserved, Baker carried his
summary judgment burden on his affirmative claims; and (4) whether the trial court
erred in hearing and granting Baker’s summary judgment motion while AIC did not
have counsel. We affirm.
Standard of Review and Burden of Proof
          Summary judgment under Rule of Civil Procedure 166a(c) is proper only when
a movant establishes that there is no genuine issue of material fact and that he is
entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Randall’s Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Baker moved for summary
judgment on his own claims for affirmative relief. Therefore, he had the burden of
proving conclusively each element of his causes of action. See MMP, Ltd. v. Jones,
710 S.W.2d 59, 60 (Tex. 1986). Baker carried this burden if he produced evidence
that would suffice to support an instructed verdict at trial on his claims for affirmative
relief. See Ortega-Carter v. Am. Int’l Adjustment Co., 834 S.W.2d 439, 441 (Tex.
App.—Dallas 1992, writ denied). 
           In reviewing the granting of a motion for summary judgment, we consider as
true all the evidence that favors the non-movant. MMP, Ltd., 710 S.W.2d at 60;
Goldberg v. U.S. Shoe Corp., 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.]
1989, writ denied). We indulge every reasonable inference in favor of the non-movant
and resolve all reasonable doubts in its favor. Cont’l Casing Corp. v. Samedan Oil
Corp., 751 S.W.2d 499, 501 (Tex. 1988); Goldberg, 775 S.W.2d at 752. 
Preliminary Matter: Objections to Summary Judgment Evidence
          In part of issue two, AIC claims that some of Baker’s summary judgment
evidence was inadmissible or incompetent on various grounds. Before the trial court
rendered partial summary judgment, however, AIC objected only to the date
originally set for the oral hearing, but not to any of Baker’s summary judgment
evidence. It was not until after the trial court rendered summary judgment that AIC,
in a motion to set aside that ruling, raised any objections to Baker’s evidence. The
record contains no ruling allowing AIC to raise these objections belatedly.
          The non-movant waives defects in the form of summary judgment evidence by
not timely objecting and obtaining a ruling. See Mathis v. Bocell, 982 S.W.2d 52, 59
(Tex. App.—Houston [1st Dist.] 1998, no pet.). However, the non-movant does not
waive defects in the substance of summary judgment evidence by failing timely to
object. See id. “A defect is substantive if the evidence is incompetent, and it is
formal if the evidence is competent but inadmissible.” Id. at 60.
          Some of AIC’s evidentiary objections that it raises for the first time on appeal
concern defects of form; those objections are waived.


 However, a few of AIC’s
objections concern the substance of Baker’s summary judgment evidence; those
objections are not waived.


 We include within our discussion of the facts of this case,
without discussing AIC’s objections, the summary judgment evidence to which AIC
either (1) waived its appellate objection for not having objected below or (2) does not
object on appeal. If AIC did not need to preserve an appellate objection, we discuss
the validity or the effect of the appellate objection within the opinion.
          We overrule in part and sustain in part those portions of issue two relating to
AIC’s evidentiary objections.
 
Facts and Procedural Background
          The following facts are viewed in the proper light for summary judgment.
A.      The Original Property
          The 15.848-acre tract of real property at issue in this appeal was originally part
of a single 24.3806-acre piece of property. The 24.3806-acre property was described
by survey as being “located in the T.S. Roberts Survey, Abstract No. 659, Harris
County, Texas.” Emma Crews, Valda Crews, and Eva Fay Gross (together, “the
Crews family”) and Andrew C. Brown, as trustee, were co-tenants and joint owners
of the 24.3806-acre property.
B.      The Partition of the Original Property into Tracts I and II
          In 1984, the Crews Family and Brown partitioned the 24.3806-acre property
by deed: 8.5107 acres (“Tract I”) was deeded to the Crews family, and the remaining
15.8789 acres (“Tract II”) was deeded to Brown.


 The Harris County Plat Map
covering the original 24.3806-acre property within the T.S. Roberts Survey showed
the partitioned tracts. In the plat map and the corresponding field notes, Tract I was
described as the “8.511 acres” that were described in the “deed recorded under Harris
County clerks file (H.C.C.F.) no. J659372.” In the same documents, Tract II was
described as the “15.848 acre” residue or remainder tract of the 24.3086-acre tract
described “in [the] deed recorded” in “Harris County clerk’s file (H.C.C.F.) no.
M825630.”
C.      The History of Tract II
          The ownership of each tract changed after the partition. First, Brown deeded
Tract II to Baker and his then-wife by quitclaim deed in October 1986. Baker’s
former wife deeded her interest in Tract II to Baker by quitclaim deed in May 1989. 
Both deeds were recorded the same month that they were executed. Therefore, by
May 1989, Tract II was held by Baker pursuant to quitclaim deed. The 1989
quitclaim deed described Tract II consistently with the tract’s description in the 1984
partition deed.
D.      The History of Tract I
          The ownership of Tract I also changed, at least in part, but its history was more
complex. In March 1989, the City of Houston (“the City”) sued the Crews family for
unpaid ad valorem taxes on six acres of land within the T.S. Roberts Survey.


 In its
tax-suit petition, the City alleged that the six acres on which the Crews family owed
taxes was “Tract 12, being 6.0 acres out of T.S. Roberts Survey Abstract 659 situated
in Harris County, Texas, as shown in file number J659372.” (Emphasis added.) The
“file number J659372” referenced in the City’s tax-suit petition corresponded to the
Harris County clerk’s file number for the deed that granted Tract I to the Crews
Family. The “Tract 12” to which the City’s tax-suit petition referred appears to have
been a division of property within the Harris County Appraisal District’s (“HCAD”)
tax rolls. Whatever the parameters of HCAD Tract 12, the City’s tax-suit petition
alleged that “Tract 12” lay within the property conveyed by the deed that granted
Tract I to the Crews Family. However, Baker did not produce the judgment from the
City’s tax suit.
          To satisfy the judgment obtained in the City’s tax suit, a public auction was
held, and the City bought the subject property in February 1991. The constable
issued a quitclaim deed conveying the subject property to the City. However, the
constable’s deed identified the conveyed property only as “TR 12 AB 659 T S
Roberts, situated in Harris County, Texas,” without a metes-and-bounds description. 
Although the constable’s deed’s “TR 12” likely referred to the HCAD Tract 12
alleged in the City’s petition, the referenced “TR 12” was described only as lying in
the T.S. Roberts Survey, Abstract 659; in contrast, the City’s 1989 petition had
expressly alleged, by reference to the county clerk’s file number for the deed that
granted Tract I to the Crews Family, that HCAD Tract 12 lay within Tract I. Baker
produced no competent summary judgment evidence expressly and conclusively
showing that, at the time of judgment in the City’s tax suit, HCAD’s Tract 12 (or
whatever land was sold by the 1991 constable’s deed) fell exclusively within the
bounds of Tract I.



 
          In 1997, AIC bought the same property from the City at public auction. The
constable issued a quitclaim deed, which again identified the land that AIC bought
only as “TR 12 AB 659 T S Roberts, situated in Harris County, Texas,” without
further description. 
 
E.      The Lawsuits
          In May 2000, in trial court cause number 735,465, the City sued to condemn
the entire 24.3806 acres (Tract I plus Tract II) to expand a nearby airport, mistakenly
naming only AIC as the sole defendant and owner.


 See Tex. Prop. Code Ann. §§
21.012-.013 (Vernon 1984) (concerning procedure for instigating condemnation
proceeding). During the pendency of that suit, the City apparently learned that other
individuals—the three members of the Crews family or their heirs and Baker—might
have ownership interests in parts of the 24.3806-acre property.
          Accordingly, on October 2, 2000, having discovered that two tracts were
involved, the City (1) initiated a new lawsuit, under trial court cause number 741,680
in a different court, to condemn Tract II (“the Tract II lawsuit”) and (2) amended its
petition in trial court cause number 735,465 to seek condemnation of only Tract I
(“the Tract I lawsuit”). In each lawsuit, however, the City named both AIC and
Baker as defendants and potential owners of, or adverse claimants on, both tracts.
 
          In the Tract II lawsuit, Baker asserted third-party claims


 against AIC and its
two general partners, claiming that Baker alone owned Tract II. See Tex. Prop. Code
Ann. § 21.017(a) (Vernon 1984) (allowing party in condemnation suit to assert claim
to the property). Baker asserted claims to quiet title and to remove cloud on title and
sought damages and declaratory relief. AIC answered Baker’s third-party claims with
a general denial in the Tract II lawsuit and did not allege the affirmative defense of
adverse possession. In the Tract I lawsuit, in contrast, AIC asserted a general denial,
but also alleged third-party claims against Baker,


 claiming that AIC owned the entire
24.3806-acre property by adverse possession.



          In each suit, the trial court appointed special commissioners, who, in July 2001,
awarded damages of $259,518 for Tract I and $487,237 for Tract II. See Tex. Prop.
Code Ann. §§ 21.014-.015 (Vernon 1984) (providing for appointment of special
commissioners and hearing before them on property’s value). Neither party objected
to the commissioners’ award in either suit, and the City eventually paid those sums
into the registry of the court. In December 2001, the parties jointly moved to
consolidate both causes. On January 4, 2002, the trial court consolidated the lawsuits
under the cause number of the Tract I lawsuit. 
          On February 28, 2002, Baker moved for traditional summary judgment on the
ground that he held sole title to Tract II and requested attorney’s fees.


 On June 17,
2002, the trial court rendered partial summary judgment in Baker’s favor, declaring
Baker to be the sole owner of Tract II, declaring AIC’s “claims of ownership in [Tract
II] are void and/or unenforceable,” and awarding $15,000 in attorney’s fees to Baker. 
AIC moved to set aside the summary judgment order. The trial court denied that
motion.
          On June 11, 2002, upon Baker’s motion, the trial court severed all claims
brought by Baker, all claims concerning any interest in Tract II, and all condemnation
funds held in the court’s registry for Tract II and assigned trial court cause number
735,465-101 to those matters (“the severed cause”). After ancillary claims of various
parties were resolved or non-suited, the trial court signed a final judgment in the
severed cause. Among other things, the final judgment declared Baker to be the sole
owner of Tract II. AIC moved for new trial, which motion was overruled by
operation of law. AIC appeals.
Adverse Possession
          In issue one, AIC contends that the trial court erred in rendering summary
judgment on its “claim” for adverse possession of Tract II because Baker did not
move for summary judgment on, or produce evidence to defeat, any element of
adverse possession. 
           Adverse possession is an affirmative defense. See Horrocks v. Horrocks, 608
S.W.2d 733, 734 (Tex. Civ. App.—Dallas 1980, no writ). A plaintiff moving for
summary judgment does not have the burden of disproving a non-movant defendant’s
affirmative defense. See Patton § 3.08[2] at 3-26 (collecting cases). This is
because, once the movant-plaintiff has carried its burden of proving all elements of
its affirmative claims conclusively,


 the non-movant defendant has the burden of
asserting and raising fact issues on each element of its affirmative defense to avoid
summary judgment. See Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984);
Horrocks, 608 S.W.2d at 734.
          Assuming that AIC’s adverse-possession affirmative defense that was pleaded
in the Tract I lawsuit carried over into the consolidated suit, AIC did not respond to
the summary judgment motion and so did not assert that defense below or offer any
evidence in support. Baker thus did not have to address AIC’s affirmative defense. 
See Walsh v. Austin, 590 S.W.2d 612, 615-16 (Tex. Civ. App.—Houston [1st Dist.]
1979, writ dism’d) (holding that plaintiff, as summary judgment movant in trespass-to-try-title suit, had burden only to prove prima facie case, upon which showing
burden then shifted to defendant to produce defensive evidence raising material fact
issue).
          We overrule issue one.
The Summary Judgment Rendered on Baker’s Claims for Affirmative Relief
          We have already disposed of the evidentiary-admissibility portion of AIC’s
issue two. In the remainder of issue two, AIC claims that, taking into account its
objections to Baker’s summary judgment evidence that did not have to be preserved,
Baker did not prove his entitlement to summary judgment as a matter of law.



          Baker sought to quiet title or to remove cloud on title, principally by having
AIC’s constable’s deed construed and declared not to encompass Tract II. He did not
expressly allege a trespass-to-try-title claim, and the parties’ pleadings generally did
not follow the procedural requisites of such a claim. See Tex. R. Civ. P. 783 (setting
out requisites of petition in trespass-to-try-title suit); Tex. R. Civ. P. 788 (allowing
for “not guilty” plea by defendant in trespass-to-try-title suit); Tex. R. Civ. P. 798
(requiring plaintiff to file certified copies of deeds used to show common source
before trial and to notify opposing party of same). However, Baker’s summary
judgment motion stated that he and AIC “each claim[ed] an undivided fee simple
interest in [Tract II],” that he had “superior title” to Tract II, and that AIC’s
constable’s deed did not concern Tract II. Additionally, the partial summary
judgment declared Baker to own Tract II and declared AIC’s ownership claims to
Tract II to be void or unenforceable. 
          A claim to quiet title or to remove cloud on title and a claim in trespass to try
title are different causes of action. Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex.
App.—Corpus Christi 2001, no pet.); Katz v. Rodriguez, 563 S.W.2d 627, 629 (Tex.
Civ. App.—Corpus Christi 1977, writ ref’d n.r.e.). A suit to quiet title is an equitable
action. Id. The principal issue in a suit to quiet title is whether there is a cloud that
equity will remove. Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App.—Beaumont
2000, pet. denied). “Any deed, contract, or other instrument not void on its face that
purports to convey any interest in or make any charge upon the land of a true owner,
the invalidity of which would require proof, is a cloud upon the legal title of the
owner.” Id. The plaintiff in such a suit must prove and recover on the strength of his
own title, not on the weakness of opponent’s title, and he must allege right, title, or
ownership in himself with sufficient certainty to enable the court to see that he has
a right of ownership that warrants judicial interference. Fricks, 45 S.W.3d at 327;
Wright, 26 S.W.3d at 578. The plaintiff need not trace his title either to the sovereign
or to a common source with the defendant, unless he needs that proof to establish his
superior equity and right to relief. Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ.
App.—Waco 1980, writ ref’d n.r.e.).
          A trespass-to-try-title action “is the method of determining title to lands,
tenements, or other real property.” Tex. Prop. Code Ann. § 22.001(a) (Vernon
2000); see King Ranch, Inc. v. Chapman, 46 Tex. S. Ct. J. 1093, 1101 (Tex. Aug. 28,
2003) (stating that trespass-to-try-title action is “a procedure by which rival claims
to title or right of possession may be adjudicated.”). “Trespass to try title is statutory,
and has specific pleading requirements.” Fricks, 45 S.W.3d at 327. “To recover in
a trespass to try title action, the plaintiff must recover upon the strength of his own
title. The plaintiff may recover (1) by proving a regular chain of conveyances from
the sovereign, (2) by proving a superior title out of a common source, (3) by proving
title by limitations [e.g., adverse possession], or (4) by proving prior possession, and
that the possession has not been abandoned.” Rogers v. Ricane Enterps., Inc., 884
S.W.2d 763, 768 (Tex. 1994) (citations omitted); see Tex. R. Civ. P. 798. Such a suit
generally affords a remedy at law. Katz, 563 S.W.2d at 629. Nonetheless, “‘[a]ny
suit that involves a dispute over the title to land is, in effect, an action in trespass to
try title, whatever its form and regardless of whether legal or equitable relief is
sought.’” Bell v. State Dep’t of Highways & Pub. Transp., 945 S.W.2d 292, 294
(Tex. App.—Houston [1st Dist.] 1997, writ denied) (quoting Jordan v. Exxon Corp.,
802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ)). 
          From the summary judgment motion and order, Baker’s claims resemble ones
in trespass to try title; his pleadings, however, alleged equitable claims to quiet title
and to remove cloud on title. Whatever the exact nature of Baker’s claims, the result
is the same. Both suits required Baker to prove superior title and to recover on the
strength of his own title. See Fricks, 45 S.W.3d at 327. To the extent that his claims
could be construed as ones in trespass to try title, Baker also had to prove, for
example, superior title emanating from a common source. See Rogers, 884 S.W.2d
at 768. Baker proved all of these things conclusively.
          Baker first proved without dispute that, as of May 1989, he alone held Tract II
pursuant to quitclaim deed and that the source of his quitclaim deed was Brown, a
joint tenant with the Crews family in the original 24.3806-acre property that was
divided by partition deed in 1984. Baker also conclusively proved that that same
24.3806-acre property (1) was the common source of both Tract I and Tract II and (2)
contained somewhere within its bounds the property described in the 1991 and 1997
constables’ deeds through which the City and AIC took title. Baker’s undisputed
evidence further showed that the quitclaim deeds that conveyed title to Tract II to him
were recorded before the City’s or AIC’s constables’ deeds were either executed or
recorded. This showing—that Baker’s and AIC’s deeds emanated from a common
source and that those of Baker preceded those of the City or AIC—sufficed to prove
conclusively Baker’s prima facie case, either under the equitable claims to remove
cloud on title and to quiet title or under a trespass-to-try-title claim. See Wells v.
Kansas Univ. Endowment Ass’n, 825 S.W.2d 483, 486 (Tex. App.—Houston [1st
Dist.] 1992, writ denied) (noting, in trespass-to-try-title suit, that “[w]hen a plaintiff
establishes a prima facie case by proof of common source . . . and introduction of a
deed from the [common-source] individual to the plaintiff, the defendant may rebut
the plaintiff’s case by proving a prior conveyance by the common source to another
person. Generally, the older title emanating from a common source is a better title
and therefore is superior to all others.”) (citing Tex. Consol. Oils v. Bartels, 270
S.W.2d 708, 712 (Tex. Civ. App.—Eastland 1954, writ ref’d)); accord Diversified,
Inc. v. Hall, 23 S.W.3d 403, 406 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)
(same); United Sav. Ass’n of Tex. v. Villanueva, 878 S.W.2d 619, 622 (Tex.
App.—Corpus Christi 1994, no writ) (“Generally, the older title emanating from a
common source is better title and superior to others.”).
          Moreover, Baker’s summary judgment evidence also conclusively showed that
the 1991 and 1997 constables’ deeds could not have conveyed any right to title in
Tract II. Although Baker did not conclusively prove that the property sold to the City
and then to AIC by the 1991 and 1997 constables’ deeds (HCAD Tract 12) did not
fall anywhere within Tract II, his evidence did conclusively show that the two
constables’ deeds were quitclaim deeds because they conveyed “all of the estate,
right, title and interest” that the Crews family had (1991 deed) or that the City
acquired from the Crews family (1997 deed) in the property being sold, without
further warranty of title. See Hall, 23 S.W.3d at 407 (construing constable’s deed
with similar provisions to be quitclaim deed). “A quitclaim deed conveys any title,
interest, or claim of the grantor, but it does not profess that the title is valid nor does
it contain any warrant or covenants of title. It does not establish title in the person
holding the deed, but merely passes whatever interest the grantor has in the property.” 
Id. The purchaser of a quitclaim deed takes the deed “with notice of all defects in the
title and equities of third persons.” Woodward v. Ortiz, 237 S.W.2d 286, 291-92
(Tex. 1951). Therefore, even if HCAD Tract 12 (or whatever land the constables’
quitclaim deeds conveyed) fell to some extent within Tract II, the City and AIC
received only whatever estate, right, title, or interest that the Crews family had in that
land. See id. And Baker proved conclusively that the Crews family, by virtue of the
1984 partition deed, had a fee interest only in Tract I, not in Tract II.



          Therefore, we hold that Baker carried his summary judgment burden on his
affirmative claims. Once Baker had made his prima facie case by conclusive
summary judgment proof, it was AIC’s burden to produce summary judgment
evidence to rebut Baker’s prima facie case or to raise a fact issue on each element of
any affirmative defense, such as adverse possession or bona fide purchaser for value. 
See Walsh, 590 S.W.2d at 615-16 (discussing shifting summary judgment burden in
trespass-to-try-title suit); see also Madison v. Gordon, 39 S.W.3d 604, 606 (Tex.
2001) (holding that bona fide-purchaser status is affirmative defense in title dispute);
Wells, 825 S.W.2d at 486 (noting that later title can have priority over earlier title
emanating from common source if holder of later title was bona fide purchaser for
value, without notice of earlier interest); Horrocks, 608 S.W.2d at 734 (holding that
adverse possession is affirmative defense). AIC did not do so.
          We overrule the remainder of issue two.
 
Absence of Counsel
          In issue three, AIC asserts that the trial court erred in considering and granting
summary judgment while AIC lacked counsel.



           AIC raised this ground in a motion to set aside, or to reconsider, the partial
summary judgment order. We review a trial court’s decision to grant or to deny a
motion to reconsider a summary judgment ruling for an abuse of discretion. See
Methodist Hosp. v. Corporate Communicators, 806 S.W.2d 879, 883 (Tex.
App.—Dallas 1991, writ denied). A trial court abuses its discretion when its ruling
is arbitrary, unreasonable, or without reference to any guiding rules or legal
principles. See Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).
          When Baker moved for summary judgment on February 28, 2002, Wayne Paris
was AIC’s counsel, and he remained its counsel for approximately 49 days thereafter. 
Apparently because AIC was not paying his fees, Paris did not respond to the
summary judgment motion, but he did move to reset the summary judgment hearing
on March 26, 2002, for lack of sufficient notice. On April 9, 2002, Paris moved to
withdraw as AIC’s counsel, alleging that AIC had still not paid his fees. Paris’s
motion to withdraw stated that he had informed AIC that a summary judgment
response was due and had also notified AIC of his motion to withdraw. The trial
court allowed Paris to withdraw by order dated April 18, 2002, but required Baker to
re-serve his motion for summary judgment on AIC. This ruling delayed the summary
judgment hearing until May 15, 2002. Our record contains no reporter’s record from
the summary judgment hearing, but AIC’s subsequent pleadings alleged that its
corporate representative attended that hearing.



          After the summary judgment hearing, Jerry L. Schutza filed an appearance as
AIC’s counsel of record on May 31, 2002. However, Schutza did not file anything
relating to Baker’s summary judgment motion until July 3, 2002, about two weeks
after the trial court had signed the partial summary judgment order on June 17, 2002. 
Schutza’s July 3 filing was a motion to set aside the partial summary judgment order,
in which motion he simultaneously provided summary judgment argument and
evidence. The record contains no ruling by the trial court that it allowed AIC to file
summary judgment responses or evidence late. Compare Stephens v. Dolcefino, 2003
WL 21357281 at *8 (Tex. App.—Houston [1st Dist.] June 12, 2003, no pet. h.) (“[A]
trial judge may accept summary judgment evidence filed late, even after summary
judgment, as long as he affirmatively indicates in the record that he accepted or
considered it.”). The trial court denied AIC’s motion to set aside on July 11, 2002. 
After final judgment, Schutza moved for new trial on grounds similar to those raised
in his motion to set aside. That motion was overruled by operation of law.
          We hold that the trial court did not abuse its discretion in denying AIC’s
motion to set aside the partial summary judgment order on the ground that AIC did
not have counsel for the summary judgment hearing. The trial court’s rulings allowed
AIC from April 9 through May 15—36 days—to secure new counsel, and an only
slightly shorter time to respond to Baker’s summary judgment motion,


 but AIC did
neither of these things. Additionally, AIC’s original counsel represented to the court
that he had notified AIC that he was seeking to withdraw, that he had advised AIC
that a summary judgment response was due, and that he was withdrawing because of
AIC’s failure to pay fees; AIC has not disputed these assertions. We thus hold that
the trial court did not abuse its discretion in denying AIC’s motion to set aside on the
ground that AIC lacked counsel for the summary judgment hearing.
          We overrule issue three. 
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Jennings, and Hanks.