

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00680-CV

**FRESNI, INC.,**
Appellant

v.

**TAMIR ENTERPRISES, LTD.** and Comfort Country Store, Inc.,
Appellees

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 10-178
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 22, 2013

REVERSED IN PART AND REMANDED; AFFIRMED IN PART

Appellant, Fresni, Inc., appeals a judgment entered in favor of appellee, Tamir Enterprises, Ltd., after the trial court granted Tamir's motion for summary judgment.  In four issues on appeal, Fresni asserts the trial court erred in rendering summary judgment in favor of Tamir and dismissing its (1) conversion claim, (2) wrongful foreclosure claim, (3) breach of contract claim, and (4) trespass to try title cause of action.

**BACKGROUND**

Around 1990, Fresni purchased .59 acres of property in Comfort, Kendall County, Texas, and constructed a convenience store and gas station called the FGA Quickstop. Fresni fell behind on taxes and on January 29, 2009, Fresni borrowed $356,000 from Tamir, executing a note payable to Tamir in the same amount with interest set at fourteen percent. Fresni executed a Deed of Trust on the property to secure payment of the note. The loan was a three-year "balloon" note, with interest-only payments due monthly for three years, followed by a "balloon" payment of the balance at the end of the term.

Fresni made one payment on the loan in the amount of $5,461.00 on March 16, 2009. After Fresni missed two payments, on May 11, 2009, Tamir sent Fresni a Notice of Default, Demand for Payment, and Intent to Accelerate, which demanded that Fresni cure its default by paying $11,212.00 to Tamir by May 22, 2009, or the note would be accelerated, foreclosure proceedings would be instituted, and the property sold at public auction on July 7, 2009 or as soon as possible thereafter. Fresni did not cure the default. On June, 1, 2009, Tamir filed an Appointment of Substitute Trustee in the real estate records of Kendall County, which appointed a substitute trustee and authorized this trustee to foreclose the lien and sell the property. Tamir sent the Notice of Substitute Trustee's Sale to Fresni on June 16, 2009. On July 7, 2009, the property was sold by the substitute trustee to Tamir for a purchase price of $200,000. Approximately one month later, Tamir sold the store to Comfort Country Store, Inc.

Fresni filed suit against Tamir on April 8, 2010, alleging wrongful foreclosure, breach of contract, breach of common law tort of unreasonable collection efforts, and conversion. Fresni also included a suit to quiet title and trespass to try title claim. On February 16, 2012, Tamir filed its motion for summary judgment on both traditional and no-evidence summary judgment grounds. Specifically, Tamir asserted Fresni had no evidence (1) of all elements of Fresni's

wrongful foreclosure claim, (2) that Tamir breached the contract or that any breach was the proximate cause of Fresni's damages, (3) of any right, title, or ownership in the store, (4) that Tamir engaged in conduct that amounted to harassment, any willful, wanton, or malicious conduct, or of intent to inflict mental anguish, and (5) that Tamir exercised dominion and control over any property inconsistent with Fresni's ownership rights, that Fresni demanded return of the property, or that Tamir refused to return the property.

Tamir requested traditional summary judgment on Fresni's wrongful foreclosure, trespass to try title, and breach of contract claims. In its motion, Tamir alleged the summary judgment evidence conclusively established Fresni breached the Note and Deed of Trust by failing to make payments, and conclusively established there was no defect in the foreclosure sale proceedings.

Fresni filed its objections and a response to Tamir's motion for summary judgment on March 28, 2012. Tamir filed its reply to Fresni's response on April 12, 2012. The trial court granted Tamir's motion on May 2, 2012, and final judgment dismissing Fresni's claims was entered on June 5, 2012. Fresni filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## STANDARD OF REVIEW

A party may move for both traditional and no-evidence summary judgment. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). We review the grant of summary judgment, both traditional and no-evidence, de novo. *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

A party moving for traditional summary judgment has the burden of establishing that no material fact issue exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). A defendant who conclusively negates at least one element of a cause of action is entitled to summary judgment on that cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). "An issue is conclusively established when the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982).

A no-evidence summary judgment motion is essentially a pretrial directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). A movant is entitled to no-evidence summary judgment if, "[a]fter adequate time for discovery, . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). "The motion must specifically state the elements for which there is no evidence." *All Am. Tel.,* 291 S.W.3d at 526. The trial court "must grant" the motion unless the non-movant produces summary judgment evidence to raise a genuine issue of material fact on the issues the movant has raised. TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

## DISMISSAL OF CONVERSION CLAIM

Fresni asserted Tamir converted the inventory and equipment inside of the convenience store because the Deed of Trust was secured only by the real property and did not cover the items inside the store. Fresni asserts at least $75,000 in inventory and equipment and $4,000 to $5,000 cash was in the store at the time Tamir foreclosed on the property. In its first issue, Fresni contends the trial court erred in rendering summary judgment in favor of Tamir and dismissing Fresni's conversion claim.

"Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758–59 (Tex. App.—Dallas 2008, no pet.) (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971)). The elements of conversion are (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Khorshid*, 257 S.W.3d at 759. However, no demand is required if "it would have been useless, . . . or if the possessor's acts amount to a clear repudiation of the owner's rights." *Bures v. First Nat'l Bank, Port Lavaca*, 806 S.W.2d 935, 938 (Tex. App.—Corpus Christi 1991, no pet.) (internal citations omitted); *see Presley v. Cooper*, 155 Tex. 168, 173, 284 S.W.2d 138, 141 (1955) ("[A] demand and refusal are merely evidence of a conversion, and where a conversion by the bailee cannot otherwise be shown than by his refusal to comply with the demand for possession, such a demand and refusal are necessary. But they are not necessary if other evidence establishes an act of conversion.").

Tamir only moved for no-evidence summary judgment on Fresni's conversion claim, asserting Fresni had no evidence that (1) Tamir exercised dominion and control over any property inconsistent with Fresni's ownership rights, (2) Fresni demanded return of the property, or (3) Tamir refused to return the property. In its response to Tamir's no-evidence motion, Fresni attached the deposition of a representative for Fresni, the Deed of Trust, and also the deposition of a representative of Comfort Country Store. Fresni's representative, Alvaro Martinez, testified he did not know about the foreclosure until after it occurred:

> Q:  When did you learn that the Ritters or that Tamir Investment had foreclosed on your property?
> A:  When that lawyer showed up at the — at the store.
> Q:  And when was that?
> A:  July the 8th.
> Q:  How do you know it was July the 8th?
> A:  Because by the 9th, I was out.
> Q:  So you knew that the foreclosure took place on the 7th?
> A:  From him. He told me that.

Martinez also said it was his belief that Fresni could "cure" the foreclosure. Martinez stated Tamir's lawyer came to the store and demanded the keys, but said that they could possibly work out a deal if Fresni paid $10,000 within the next few days. Martinez stated: "My understanding from [Tamir's counsel] was that 'You give me the keys. You give me $10,000, and I'll give you the keys back.' That was it." According to Martinez, this is why he did not ask to remove the inventory from the building after he learned of the foreclosure. When asked about the inventory, Martinez stated:

> Q:  Did you talk to [Tamir's counsel] about moving any inventory out of the building?
> A:  No.
> Q:  Why not?
> A:  Because — I've already told you. Because I thought we were going to work it out.
> Q:  Did you talk to [Tamir's counsel] about having somebody come in and do an inventory of the building?
> A:  No.

Q:      Why not?
A:      I've already answered that.  It's the same answer to the one I gave you.
Q:      Is it your understanding —
A:      The understanding — My understanding was that my keys were going to be returned as soon as I gave him $10,000.
Q:      Did you —
A:      So I thought no need to go do anything.
Q:      Was it your understanding that when you stood there and talked to [Tamir's counsel] on July 8th, that you had the right to your inventory?  That was your stuff, right?
A:      Yeah.

A representative and owner of Comfort Country Store, the third party who purchased the convenience store from Tamir approximately a month after the foreclosure sale, stated it was his belief they purchased the entire store, including the inventory:

Q:      . . . [W]as it Comfort Country Store's intent to purchase all of the inventory, equipment and real estate there, that's at that location, that's the subject of this lawsuit?
A:      We intend to, yes.
Q:      Was an inventory done when the property was purchased?
A:      Yes, it was.
Q:      Of the inventory and equipment?
A:      Yes.
Q:      And was that inventory attached to any of the documents?
A:      Inventory, it was done prior, and it was — There was not that much inventory.  It was — Hardly $4,000 inventory was there and mostly expired, or we could not even use it, like beer we could not touch because it was under — you know, we didn't have beer license at that time, and even if we do have the license, we cannot sell that because we did not purchase that beer.

Fresni also attached to its response the Deed of Trust, which was secured by "0.59 acres of land, more or less, situated in Kendall County, Texas, and being more particularly described by metes and bounds in Exhibit 'A' attached hereto and made a part hereof for all purposes." The Deed of Trust does not mention inventory or equipment.

We believe Fresni presented more than a scintilla of evidence on the elements of its conversion claim.  The Deed of Trust Fresni attached to its response raises the issue of Tamir's right to the inventory and equipment in the convenience store and, if Tamir had no such right,

then its exercise of dominion and control over the inventory and equipment would be inconsistent with Fresni's ownership rights. Fresni was not required to make a demand for the return of the property if "it would have been useless, . . . or if the possessor's acts amount to a clear repudiation of the owner's rights." *See Bures*, 806 S.W.2d at 938. Fresni also produced evidence that it did not request return of the inventory and equipment because of representations made by Tamir's attorney that the foreclosure could be "cured." Martinez testified it was his understanding "that my keys were going to be returned as soon as I gave [Tamir's counsel] $10,000." The evidence Fresni presented showed that Tamir subsequently sold the property to Comfort Country Store, a representative for which testified it was his intent to purchase the entire property, including the inventory and equipment. Therefore, the trial court erred in dismissing Fresni's conversion claim.

## WRONGFUL FORECLOSURE CLAIM

In its second issue, Fresni asserts the trial court erred in dismissing its wrongful foreclosure claim. The elements of wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). In its original petition, Fresni alleged only a defect in the foreclosure sale proceedings based on (1) a lack of proper notice of the trustee's sale, and (2) the improper appointment of a substitute trustee in violation of the Deed of Trust. In its traditional summary judgment motion, Tamir argued there was no defect in the foreclosure proceeding.

### A. Proper Notice

The Deed of Trust provided notice shall be given "as provided by the Texas Property Code as then amended." Texas Property Code section 51.002 provides notice of a sale must be

given at least twenty-one days before the date of the sale by (1) posting written notice at the courthouse door of the county in which the property is located, (2) filing a copy of the notice posted on the courthouse door in the office of the county clerk of each county in which the property is located, and "(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE ANN. § 51.002(b) (West 2007).

In its traditional motion for summary judgment, Tamir asserted there was no defect in the foreclosure sale due to lack of notice and attached summary judgment evidence including excerpts from Martinez's deposition, an Affidavit of Posting and Filing, and the affidavit of Jumeida Lopez, Tamir's office manager and custodian of records. Lopez stated she was familiar with Fresni's loan because she participated in the closing of the loan, communicated with Martinez regarding payments on the loan, and supervised the foreclosure of the loan. Lopez stated Tamir sent the Notice of Substitute Trustee Sale to the last known address for Fresni as shown in Tamir's records on June 15, 2009. Tamir's Affidavit of Posting and Filing, sworn to before a notary public, showed that on June 16, 2009, the Notice of Substitute Trustee's Sale was posted at the Kendall County courthouse, a copy of which was filed in the Office of the County Clerk of Kendall County on the same day. The Notice of Substitute Trustee's Sale states the sale was conducted on July 7, 2009.

In its response to Tamir's motion, Fresni attached the deposition of Martinez in which he stated he never received notice of the foreclosure sale. In his deposition, Martinez acknowledged the Notice of Substitute Trustee's Sale was sent to the correct address by certified mail. However, he contends he did not receive notice because his daughter's signature appeared on the certified mail receipt, indicating she signed for receipt of the notice. Martinez apparently argues he had no notice because he had no personal notice. Personal notice, however, is not required.

*See Snider v. Forrest Lumber Co.*, 448 S.W.2d 130, 133–34 (Tex. Civ. App.—Tyler 1969, no writ) (statement of debtor/appellant in affidavit that he had no notice of sale "amounts to nothing more than a statement that the appellants did not have personal knowledge" and was "immaterial" when Deed of Trust did not require personal notice).

Section 51.002 of the Texas Property Code provides "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE § 51.002(e). Tamir presented evidence that it met the notice requirements of the Property Code and provided Fresni with proper notice. Accordingly, we conclude Fresni failed to raise a genuine issue of material fact sufficient to defeat Tamir's entitlement to traditional summary judgment on the notice issue.

**B. Appointment of Substitute Trustee**

In its traditional motion for summary judgment, Tamir also asserted there was no defect in the foreclosure sale due to the improper appointment of a substitute trustee in violation of the Deed of Trust. Tamir attached summary judgment evidence including the Lopez affidavit, the Appointment of Substitute Trustee, and the Deed of Trust.

The Deed of Trust, under the section "Beneficiary's Rights," provided: "Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee. If Trustee or his successor or substitute shall have given notice of sale hereunder, any successor or substitute Trustee thereafter appointed may complete the sale and the conveyance of the property pursuant thereto as if such notice had been given by the successor or substitute Trustee conducting the sale."

The Deed of Trust only required that Tamir "appoint in writing a substitute or successor trustee." Tamir attached to its motion the written Appointment of Substitute Trustee that was filed in the real estate records of Kendall County on June 1, 2009, and the affidavit of Lopez, the Tamir office manager, certifying the same. We conclude the summary judgment evidence presented by Tamir conclusively established there was no defect in the foreclosure proceedings due to an improper appointment of a trustee.

## C. Conclusion

Based on the foregoing, we conclude Tamir's summary judgment evidence established that no material issue of fact existed on the presence of a defect in the foreclosure sale proceedings due to lack of notice or improper appointment of a trustee. Tamir, therefore, was entitled to judgment as a matter of law and Fresni's wrongful foreclosure claim was properly dismissed.

**BREACH OF CONTRACT**

The elements of a breach of contract claim are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.) (quoting *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.)). In its no-evidence motion, Tamir attacked the last two elements of Fresni's breach of contract claim asserting Fresni had no evidence Tamir breached the contract or that any breach was the proximate cause of Fresni's damages. In its third issue, Fresni claims the trial court erred in dismissing its breach of contract claim.

Fresni asserted in its original petition and in its response to Tamir's summary judgment motion that Tamir breached the contract (the Deed of Trust) by failing to provide the required

notice of foreclosure sale in accordance with the Deed of Trust. The Deed of Trust included a section detailing the beneficiary's rights which stated in part, the beneficiary may "request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended." As mentioned above, Texas Property Code section 51.002 provides notice of the sale must be given at least twenty-one days before the date of the sale by (1) posting written notice at the courthouse door, (2) filing a copy of the posted notice in the office of the county clerk in which the property is located; and "(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE § 51.002(b).[1]

We have already concluded Tamir established proper notice was provided to Fresni in accordance with Texas Property Code section 51.002. Fresni offered no other evidence raising a genuine issue of material fact on whether Tamir breached the contract by failing to provide notice. Because Tamir conclusively negated at least one element of Fresni's cause of action, we conclude the trial court did not err in dismissing Fresni's breach of contract claim.

## TRESPASS TO TRY TITLE

"To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitation, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).

---

[1] In its motion, Fresni asserted Texas Property Code section 51.002 also provides, under subsection (d), that Tamir must serve Fresni with written notice of default and the opportunity to cure by certified mail at least twenty days before notice of sale can be given. *See* TEX. PROP. CODE § 51.002(d). However, this subsection applies to "debtor[s] in default under a deed of trust . . . on real property used as the debtor's residence." This does not apply to Fresni. The property at issue was a convenience store, not a residence. Therefore, Tamir needed only comply with the notice requirements in subsection (b) to meet its obligations under the Deed of Trust.

In its fourth issue, Fresni claims the trial court erred in dismissing its trespass to try title action. Fresni's trespass to try title claim is intertwined with its wrongful foreclosure claim. If the foreclosure sale was void, Fresni argues Tamir did not obtain ownership of the property and could not then have transferred title to Comfort Country Store. Fresni contended it maintained superior ownership in the store because the foreclosure sale was void due to (1) the lack of proper notice, and (2) the improper appointment of the substitute trustee. These were the same issues Fresni argued caused a defect in the foreclosure proceeding, rendering the foreclosure void and supporting Fresni's wrongful foreclosure claim. In its traditional summary judgment motion on Fresni's trespass to try title claim, Tamir asserted Fresni could not establish superior title because the foreclosure sale was not void due to a defect in the proceedings, but was instead "all things regular" and, therefore, Tamir was entitled to summary judgment.

We have already concluded the trial court did not err in dismissing Fresni's wrongful foreclosure claim because Tamir established no material fact issue existed on the presence of a defect in the proceedings due to lack of notice or improper appointment. Accordingly, Fresni cannot establish superior title in the store based on the same argument that the foreclosure was void due to lack of notice or improper appointment of the substitute trustee. Therefore, Fresni's trespass to try title claim was also properly dismissed.

## CONCLUSION

We conclude the trial court properly dismissed Fresni's wrongful foreclosure claim, breach of contract claim, and trespass to try title claim. However, we conclude Fresni presented more than a scintilla of evidence on the elements of its conversion claim and, therefore, the trial court erred in dismissing that claim. Accordingly, we reverse and remand Fresni's conversion claim for further proceedings. The trial court's judgment is affirmed in all other respects.

Sandee Bryan Marion, Justice